### CHURCHYARD v. UNITED STATES.

(Circuit Court, N. D. New York. April 16, 1900.)

1. UNITED STATES—WORK ON GOVERNMENT BUILDINGS—CLAIMS FOR EXTRAS.
    Under Rev. St. §§ 3714, 3744, as amended by 20 Stat. 36, and Army Regulations, par. 825, providing that all contracts for extras in the construction of government buildings shall be in writing, and made under the direction of the chief officer of the war department, and that no expenditure of over $500 shall be made without the approval of the secretary of war, no recovery can be had by a contractor for extra work for items which were never the subject of any agreement, nor authorized by the officer in charge as extras, nor submitted by him to the war department.

2. SAME—DAMAGES FOR DELAY TO CONTRACTOR.
    Damages cannot be recovered of the government for delay caused a contractor, in the performance of his work upon a government building, by reason of a contractor on another branch of the work failing to finish his work on time, where the latter was prevented from finishing his work by delays in the work of the party claiming damages.

At Law. Tried by the court, pursuant to the provisions of the act of March 3, 1887 (24 Stat. 505).

Frank F. Williams, for plaintiff.
Charles H. Brown, U. S. Dist. Atty.

COXE, District Judge. This is an action brought by Joseph J. Churchyard to recover for extra work, alleged to have been done by him upon buildings erected by the government at Sacket Harbor and at Plattsburgh, N. Y. There is also a claim for damages due to a de-

lay caused, as the plaintiff alleges, by the officers of the government, which prevented him from finishing his contract at Plattsburgh at the stipulated time.

That part of the plaintiff's claim which relates to work done upon the Madison Barracks at Sacket Harbor was disposed of at the argument. Nothing further need be said.

Regarding the work done in constructing the officers' quarters at Plattsburgh it is, to say the least, doubtful whether the items claimed as extra can be considered, even if it be admitted that they are outside the contract. The law as to extra work, in such circumstances, is explicit and severe. The statutes of the United States, supplemented by the regulations of the army, provide that all such contracts shall be in writing, made under the direction of the chief officer of the war department and that no expenditure of over $500 shall be made without the approval of the secretary of war. Rev. St. §§ 3714, 3744 (as amended 20 Stat. 36); 24 Stat. 93, 97; Army Regulations, par. 825. See, also, Bowe v. U. S. (C. C.) 42 Fed. 761; Filor v. U. S., 9 Wall. 45, 19 L. Ed. 549; Whiteside v. U. S., 93 U. S. 247, 23 L. Ed. 882.

The law is clear that compensation for extra work cannot be allowed until certain conditions precedent have been complied with. There is no pretense that the items now claimed were authorized by the officer in charge as extras. The claim was not submitted by him to the war department or recognized by him in any way. Even if the plaintiff were ignorant of these provisions of the law it is, of course, no excuse; but he was not ignorant. A number of claims for extra work arose during the erection of the buildings in question. These claims were the subject of negotiations and agreements between him and Maj. Pond, the officer in charge. These agreements were reduced to writing, and, approved by the department in each case, the amount was paid on the completion of the work. The items in dispute were never the subject of a separate agreement, and Maj. Pond testifies that no claim was ever made because of them until two years after the buildings were completed.

It is, however, unnecessary to consider the question whether claims of this character can be recovered as extra work, in the absence of statutory requirements, for the reason that after a careful examination of the contract, specifications and testimony the court is convinced that none of the items can, as matter of fact, be classed under the head of extras. It may be true that the contract was unilateral and that under it the officer in charge had autocratic powers. But these were matters that the plaintiff should have considered before he signed the contract. That it and the specifications were susceptible of the construction placed upon them by Maj. Pond and that he was authorized so to interpret them the court has little doubt.

Regarding the loss alleged to be due to the delay occasioned by the plumber it is sufficient to say that the facts do not sustain the plaintiff's contention. Primarily the delay was due to the failure of the plaintiff to procure brick, and thus the entire work was delayed from one to two months. Although the plaintiff was not to blame for this delay he is legally responsible therefor. Because of his inability to proceed he applied for two extensions of his contract. One

extension was granted until November 30, 1893, a month beyond the stipulated date.

The plaintiff contends that if the plumber had finished his work by December 1st he could have completed his contract a few days thereafter, and there would have been no occasion for him to incur the expense necessary to keep the buildings heated until February. This loss with the other losses incident to the delay would have been saved.

The answer to this contention is that if the plumber had not been delayed six weeks by the plaintiff's failure to get brick in the summer he would have finished six weeks earlier. It is thought that Maj. Pond is correct when he testified: "If Churchyard had had his brick on the ground at the beginning of his contract all these trades would have been two months ahead and, as I said in my report, the work would have been completed by October 31st." It is sufficient that the United States is in no way responsible for the delay.

As all the other claims upon this branch of the case rest upon the unwarranted assumption that the United States was at fault because the contract was not completed at the stipulated date, it is unnecessary to consider them in detail. The conclusion of the court is that the plaintiff has failed to prove a cause of action against the United States. The petition is dismissed.